UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 17-5528-MCS (KS)                                                    Date: February 24, 2021

Title   *William Nathaniel Washington v. Jim McDonnell et al*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (IN CHAMBERS) ORDER:  (1) LIFTING STAY; (2) ORDERING DEFENDANTS HOPPER AND OKOLEH TO SHOW CAUSE NO LATER THAN MARCH 10, 2021 WHY THE MOTION TO COMPEL IS NOT MOOT; AND (3) ORDERING DEFENDANTS HOPPER AND OKOLEH TO FILE A RESPONSE TO THE FAC WITHIN 21 DAYS

Plaintiff, a California state prisoner proceeding *pro se* and *in forma pauperis*, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on July 26, 2017.  (Dkt. No. 1.)  On October 1, 2020, Plaintiff filed a First Amended Complaint (the "FAC") (Dkt. No. 108), which is now the operative complaint.

In the FAC, Plaintiff sues the following individuals in their individual and official capacity: Uzo Okoleh, a nurse at the Los Angeles County Jail; Nancy Yamasaki, physician's assistant employed by the Los Angeles County Jail; Jessica Hopper, a Los Angeles County Sheriff's Department ("LACSD") deputy; and Rean Mendoza, a nurse employed by the Los Angeles County Jail. (FAC at 2.)  The FAC alleges that Defendant Mendoza, upon learning that Plaintiff had been returned to the Los Angeles County Jail for resentencing and was working in the kitchen, falsely informed Defendants Yamasaki and Okoleh that Plaintiff had tampered with the food in the Officer's Dining Room at the Men's Central Jail. (FAC at 3, ¶¶ 14-16.)  Defendant Okoleh then entered a "999 week no kitchen detail" order into Plaintiff's medical file, which Defendant Yamasaki "sign[ed] off on."  (*Id.* at ¶ 17.)  Defendant Okoleh also contacted Defendant Hopper and repeated Defendant Mendoza's food tampering allegations and stated that Plaintiff is no longer entitled to work in or around the kitchen.  (*Id.* at 4, ¶ 19.)  Defendant Hopper shared the food

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 17-5528-MCS (KS)                                                                  Date: February 24, 2021

Title   *William Nathaniel Washington v. Jim McDonnell et al*

tampering allegations with Custody Assistant Katska and informed her that Plaintiff was being transferred to Dorm 522.  (*Id.* at 4, ¶ 21.)  On May 9, 2017, Defendant Okoleh cleared Plaintiff to work as a trustee but stated that he is not allowed to work in the kitchen. (*Id.* at 10, ¶ 55.)  Another inmate heard about the allegations of Plaintiff tampering with food while on kitchen detail and attempted to fight him.  (*Id.* at 10-11, ¶ 59.)  Plaintiff then suffered an emotional breakdown and anxiety attack.  (*Id.* at 11, ¶ 60.)  Based primarily on these factual allegations, Plaintiff asserts violations of his rights under the First, Eighth, and Fourteenth Amendments to the U.S. Constitution (FAC at 21-24) and seeks declaratory and injunctive relief as well as damages (FAC at 24-25).

On October 29, 2020, after receiving the parties' status reports (Dkt. Nos. 103, 105), the Court ordered Defendants Hopper and Okoleh to file any motion concerning the adequacy of Plaintiff's responses to the interrogatories and requests for production no later than November 12, 2020 and stayed all other pending deadlines.  (Dkt. No. 107.)  On November 20, 2020, Defendants Hopper and Okoleh filed a Motion to Compel Plaintiff's Responses to Interrogatories and Requests for Production (the "Motion").  (Dkt. No. 114.)  On December 10, 2020, Plaintiff filed his response, in which he stated that, on November 9, 2020, he mailed out his responses to the interrogatories and requests for production at issue.  (Dkt. No. 120.)  The Court had instructed Defendants Hopper and Okoleh to file their optional reply to Plaintiff's response within 14 days of service thereof.  (Dkt. No. 115.)  No reply was filed.

Because Plaintiff states that he served his responses to the discovery requests at issue, and Defendants have neither challenged his statement nor contended that Plaintiff's responses were inadequate, despite receiving an opportunity to do so, the Court is inclined to deny the Motion as moot.  Accordingly, **IT IS HEREBY ORDERED that, no later than March 10, 2021, Defendants Hopper and Okoleh shall file a brief response to this Order (no more than 10 pages) that shows cause why the Motion should not be denied as moot.**  Alternatively, they may withdraw the Motion.

**IT IS FURTHER ORDERED that the stay issued on October 29, 2020 (Dkt. No. 107) is LIFTED and, within 21 days of the date of this Order, Defendants Hopper and Okoleh shall do <u>one</u> of the following**:  (1) file and serve on Plaintiff an Answer to the FAC or a motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 17-5528-MCS (KS)                                          Date: February 24, 2021

Title     *William Nathaniel Washington v. Jim McDonnell et al*

under Rule 12 of the Federal Rules of Civil Procedure; or (2) join in the Rule 12(b)(6) and Rule 12(c) motions currently pending (Dkt. Nos. 127 and 129).  The Court anticipates issuing a scheduling order concerning discovery and motions for summary judgment if and when an Answer to the FAC is filed.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | gr |